UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DOLORES BIGUS and RAYMOND BIGUS,

                Plaintiffs,

-against-

MARRIOTT HOTEL SERVICES, INC.,

                Defendant.
------------------------------------------------------------ X

06 CV 1462 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiffs Dolores Bigus ("Mrs. Bigus") and Raymond Bigus ("Mr. Bigus") (collectively, "plaintiffs") have brought suit against Marriott Hotel Services, Inc. ("Marriott" or "defendant"), alleging that Mrs. Bigus was seriously injured when she slipped and fell due to defendant's negligence at defendant's hotel in Kalapaki Beach, Lihue, Hawaii. Defendant has filed a motion to transfer venue to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the court denies defendant's motion to transfer venue.

## BACKGROUND

The complaint alleges that on June 9, 2004, Mrs. Bigus slipped and fell on the premises of defendant's hotel, the Marriott Kaua'i Beach Club in Kalapaki Beach, Lihue, Hawaii. As a result of the fall, Mrs. Bigus allegedly sustained permanent physical injuries, which required her to seek medical treatment and have prevented her from performing her usual duties. She

1

transfer is appropriate under the second step of the analysis. Defendant, as the moving party, bears the burden of establishing by clear and convincing evidence that transfer is appropriate. Excelsior Designs, Inc. v. Sheres, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003). Courts consider a number of factors in making this determination, none of which is individually dispositive. Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). These factors include: (1) the convenience of the parties; (2) the relative means of the parties; (3) the convenience of non-party witnesses and the availability of process to compel the attendance of unwilling witnesses; (4) the locus of operative facts and the relative ease of access to sources of proof; (5) the plaintiff's choice of forum; (6) the forum court's familiarity with the substantive law; and (7) the interests of justice. Aktiengelsellschaft v. Milwaukee Electric Tool Corp., No. 04 Civ. 629, 2004 WL 1812821, at *4 (E.D.N.Y. July 19, 2004).

I.   The Convenience of the Parties

Plaintiffs reside in Smithtown, New York, which is located in the Eastern District of New York. Defendant, though licensed to do business in New York, is a Delaware corporation with its principle place of business in Maryland. While only one party resides in the Eastern District of New York, none of the parties reside in the District of Hawaii. A transfer of venue should not merely shift the burden of inconvenience from one party to another. See Merkur v. Wyndham Int'l, Inc., No. 00 Civ. 5843, 2001 WL 477268, at *1 (E.D.N.Y. Mar. 30, 2001) (citing Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F. Supp. 1314, 1322 (S.D.N.Y. 1989)); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 988 (E.D.N.Y. 1991). Defendant would be obligated to travel regardless of whether this action is heard in the Eastern District of New York or the District of Hawaii. Plaintiffs, on the other hand, as residents of New York, would

3

seeks damages in the amount of $2 million. Her husband, Mr. Bigus, also claims loss of consortium and seeks damages in the amount of $100,000.

The complaint also alleges that defendant, at the time of the alleged incident, was the owner and operator of the land and structures located at the Marriott Kaua'i Beach Club. Defendant is a Delaware corporation maintaining its principle offices in Bethesda, Maryland. However, defendant is licensed to do business in New York state.

## DISCUSSION

Motions to transfer venue from one federal district court to another are governed by 28 U.S.C. § 1404(a), which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party making the motion bears the burden of "clearly" establishing that transfer is appropriate and that the motion should be granted. See Factors, Etc., Inc. v. Pro Arts, Inc., 759 F.2d 215, 218-19 (2d Cir. 1978), cert. denied, 440 U.S. 908 (1979).

The inquiry on a motion to transfer has two steps. First, the court must establish that the action "might have been brought" in the district to which the moving party seeks transfer. If it could have been brought there, the court inquires as to whether, considering "the convenience of parties and witnesses" and "the interest of justice," a transfer is appropriate. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 986 (E.D.N.Y. 1991) (citing Schneider v. Sears, 265 F. Supp. 257, 261 (S.D.N.Y. 1967)).

In the instant case, the parties do not dispute, and the court finds, that this action could have been brought in the District of Hawaii. The court must therefore consider whether

be inconvenienced if required to travel to Hawaii for the adjudication of this case. Accordingly, the court finds that the convenience of the parties weighs against transfer.

II.  The Relative Means of the Parties

A court may also consider the relative means of the parties in deciding a transfer motion. Merkur, 2001 WL 477268, at *4. Defendant is a large corporation, which owns and operates hotels across the country, and presumably possesses a significantly greater amount of resources than plaintiffs, who are individuals. Plaintiffs would incur a substantial financial burden by traveling to Hawaii from New York to litigate the instant action. Any added expenses that defendant might incur by defending itself in the Eastern District of New York do not justify shifting those expenses to plaintiffs. Accordingly, the court finds that the relative means of the parties weigh against transfer.

III.  The Convenience of the Witnesses and the Availability of Process

"Courts generally view the convenience of witnesses as the single most important factor in the balance." Mears v. Montgomery, No. 02 Civ. 0407, 2004 WL 964093, at *8 (S.D.N.Y. May 5, 2004) (citing Pilates, Inc. v. Pilates Institute, Inc., 891 F. Supp. 175, 183 (S.D.N.Y. 1995)). To obtain a transfer based on convenience, the moving party must specifically list the witnesses on whom it intends to rely in the transferee district, along with a general statement of the topics on which each witness is expected to testify. Id. However, "it is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony." Merkur, 2001 WL 477268, at *3 (citing Dwyer v. General Motors Corp., 853 F. Supp. 690, 695 (S.D.N.Y.1994)).

Defendant has stated that its own employees and employees of Wilcox Memorial Hospital ("Wilcox"), where Mrs. Bigus was treated immediately after the incident issue, are witnesses who are located in Hawaii. (Scher Decl. ¶ 5.) In its disclosures, defendant lists four prospective witnesses who reside in Hawaii, including three of defendant's employees who investigated the accident issue after it occurred. (Rose Decl. Ex. C.) Although defendant's employees reside in Hawaii and would be inconvenienced should they be required to testify in New York, it appears that the employees did not observe the accident and do not have personal knowledge of the events and conditions at the time of the accident. Thus, the materiality of their testimony is questionable. See Schwartz v. Marriott Hotel Services, Inc., 186 F. Supp. 2d 245, 249 (E.D.N.Y. 2002).

Defendant has also specifically identified one non-party witness, a Wilcox employee, Dr. James Scamahan, who was the physician who treated Mrs. Bigus immediately after the alleged incident. (Scher Decl. ¶ 5.) Plaintiffs have also stated that they plan to call one non-party witness, Mrs. Bigus's treating physician, Dr. Kahmi, who practices in New York. Both of these witnesses will likely testify to circumstances after the alleged incident, i.e., Mrs. Bigus's medical condition, and not to the events and conditions at the time of the accident. Thus, the materiality of their testimony is somewhat tenuous. See Schwartz, 186 F. Supp. 2d at 249. Moreover, the parties have not explained what hardships, if any, would arise from any of these witnesses testifying by deposition pursuant to Rule 32 of the Federal Rules of Civil Procedure, by video deposition, or by video testimony before a live jury. Given that plaintiffs and defendant each have identified one non-party witness who appear to be similarly

inconvenienced, the court is not persuaded that equities balance in favor of either party on this issue.

Accordingly, the court finds that the inconvenience to the witnesses is a neutral factor.

IV.  The Locus of Facts and the Ease of Access to Evidence

"If the 'principal events occurred and the principal witnesses are located in another district,' the locus of facts provides a strong reason to transfer." Jones, 2002 WL 2003191 at 3 (quoting Berman v. Informix, 30 F.Supp. 2d 653, 658 (S.D.N.Y. 1998)).  In the instant case, all of the events transpired in the District of Hawaii.  Defendant argues that because the accident occurred in Hawaii and all sources of proof are located in Hawaii, that district is the locus of operative facts and would provide easiest access to all relevant evidence.  Plaintiffs contend that while the accident occurred in Hawaii, the condition of the scene has likely been remedied since and photographs of the location, records, and investigative reports have been exchanged by the parties.  Although the accident did occur in Hawaii, defendant does not dispute that the accident site has since been remedied nor does defendant dispute plaintiff's contention that many of the relevant documents have already been gathered and exchanged.  Furthermore, any documentary evidence that is currently located in Hawaii can be easily transferred to New York.  See, e.g., Dwyer v. Gen. Motors Corp., 853 F. Supp. 690, 695 (S.D.N.Y. 1994) ("[R]ecords, investigative reports and other such documents could easily be brought into this District.  Depositions of most of the non-party witnesses listed by defendant could be used.  Additionally, ... it is conceivable that the majority of the necessary documentation concerning liability would be found at defendant's principal place of business and not in [transferee forum].").

Accordingly, while Hawaii is the place where the injury underlying this action took place and where much of the evidence may be located, this factor does not weigh strongly in favor of transfer.

V. The Plaintiffs' Choice of Forum

The plaintiff's choice of forum is ordinarily given significant weight and is disturbed only if the balance of convenience and justice weigh heavily in favor of defendant's proposed forum. Toy Biz, Inc. v. Centuri Corp., 990 F.Supp. 328, 330 (S.D.N.Y. 1998) (collecting cases). Ordinarily, where there is a material connection or significant contact between the forum and the events giving rise to the action or a plaintiff has chosen to litigate in his home forum, that choice is entitled to greater deference. Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998). Here, plaintiffs' choice of venue is entitled to significant weight because the Eastern District of New York is their home forum. Accordingly, plaintiffs' choice of forum weighs against transfer.

VI. The Forum Court's Familiarity with Governing Law

It is undisputed that the law of Hawaii will apply whether the matter remains in New York or is transferred to Hawaii. However, "[w]here an action does not involve complex questions or another state's laws, courts in this district accord little weight to this factor on a motion to transfer." Merkur, 2001 WL 477268 at *5 (citing Vassallo v. Niedermeyer, 495 F. Supp. 757, 759 (S.D.N.Y. 1980)). Thus, where as here, the action involves a relatively simple "slip and fall" personal injury negligence case, the fact that a New York court would apply the law of Hawaii "is of little consequence in the determination of this motion." Id. (quoting

7

Dwyer, 853 F.Supp. at 694); see also Vassallo, 495 F.Supp. at 760. Accordingly, this factor weighs only slightly in favor of transfer.

VII. The Interest of Justice

Defendant argues that Hawaii has a greater interest in this case because it involves whether defendant negligently maintained a hotel located in Hawaii. While public interest in location adjudication of local controversies favors transfer, the court finds that plaintiff's slip-and-fall injury in a hotel located in Hawaii does not solely affect local residents of Hawaii. Rather, as plaintiff points out, defendant markets and advertises its services in New York. Thus, the instant action has a nexus to New York residents, albeit a more tenuous nexus than to residents of Hawaii. Accordingly, this factor weighs only slightly in favor of transfer.

Balancing all of the factors set forth above, the court finds that the defendants have not met their burden of demonstrating that transfer to the District of Hawaii would be in the interests of convenience and fairness. The convenience and relative means of the plaintiff's and the plaintiff's choice of forum far outweigh the factors that slightly favor transfer—the locus of facts and ease of access to evidence, the forum court's familiarity with governing law, and the District of Hawaii's interest in the case. Thus, the defendant has failed to clearly establish that transfer is appropriate and, consequently, defendant's motion to transfer is denied.

## CONCLUSION

For the foregoing reasons, the court denies defendant's motion to transfer venue. It is further ordered that the parties are directed to report to United States Magistrate Judge Steven M. Gold to proceed with discovery.

SO ORDERED.

                                                  Allyne R. Ross

                                                  Allyne R. Ross
                                                  United States District Judge

Dated: July 11, 2006
       Brooklyn, New York

SERVICE LIST:

<u>Attorney for Plaintiffs</u>
Michael Aaron Rose
Hach & Rose
185 Madison Avenue
8th Floor
New York, NY 10016

<u>Attorney for Defendants</u>
William Goldman Scher
Garbarini and Scher, P.C.
432 Park Avenue South
New York, NY 10016-8013

cc: **Magistrate Judge Gold**